IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAVON THOMAS KIRKLAND,   )<br>   )<br>   Plaintiff,   )<br>   )<br>   v.   )<br>   )<br>MR. DISALVO, *Corrections Officer 4, et al.*,   )<br>   )<br>   Defendants.   ) | Civil Action No. 24-0073<br>District Judge Robert J. Colville<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 17 |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

Pending before the Court is a Motion for Judgment on the Pleadings filed on behalf of Defendant Corrections Officers Mr. DiSalvo ("DiSalvo"), Mr. Scherer ("Scherer"), Mr. Cavaliere ("Cavaliere"), Mr. Rankin ("Rankin"), and Mr. Lynn ("Lynn") (collectively, "Corrections Defendants"). ECF No. 17. For the following reasons, it is respectfully recommended that the motion be granted.

**II.   REPORT**

   **A.   FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are drawn from the Complaint filed by Plaintiff Tavon Thomas Kirkland ("Kirkland") and are accepted as true at this early stage of the litigation.

Kirkland is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"). ECF No. 10. Kirkland brings this action against the Corrections Defendants for the alleged violation of his Eighth and Fourteenth Amendment rights. His claims arise out of a series of incidents that occurred while he was housed in the Restricted Housing Unit ("RHU") at the State Correctional Institution at Fayette ("SCI-Fayette").

1

Kirkland alleges that on January 20, 2022, he was feeling faint and experiencing drowsiness. Id. at 10. He placed a sign on his cell window requesting medical assistance. Defendants Rankin, Cavalier, and Scherer read the sign but did not respond. At 2:45 p.m., Kirkland tore his bedsheet and tied it around his cell light. He told Scherer that he would kill himself if he did not receive medical attention. Id. Scherer told Kirkland to remove the sign from his window and that he would radio Defendant Lynn for medical attention. Kirkland followed Scherer's instructions but rather than provide medical attention, Lynn and Scherer moved Kirkland to an RHU intake cell, stripped him of his clothing except a t-shirt, underwear, and socks, and then led him to a different cell. Id. Kirkland states he fell because he was feeling faint. At that point, he was placed in a restraint chair and was seen by a nurse. Id.

After the nurse examined him, Kirkland was placed in a camera cell without his cell property. That evening, at around 7:43 p.m., Kirkland again requested assistance, but was ignored. Id. at 10-11. Kirkland covered his cell camera, and at 7:50 p.m., Cavaliere approached his cell. Id. Kirkland uncovered the cell camera and asked Cavaliere to explain his placement in a camera cell without his property, which Kirkland stated was a violation of DOC policy. Id. Cavaliere responded by calling Kirkland names including "pedophile" and "faggot." Id. Cavaliere then walked away, and Kirkland again covered the cell camera. At that point, Rankin approached Kirkland's cell and Kirkland uncovered the camera. Kirkland reported Cavaliere's verbal taunting to Rankin. Id. Rankin laughed and repeated the name-calling and walked away. Kirkland covered the cell camera and Rankin warned him that "a lieutenant was on his way to spray him." Id. at 11. Kirkland uncovered the camera when DiSalvo arrived. DiSalvo asked Kirkland what happened, and Kirkland asked DiSalvo about his placement in the camera cell. Id. DiSalvo explained that he directed that Kirkland be placed in the cell. Kirkland then requested placement in a psychiatric

observation cell because he did not feel safe in the Defendants' custody. Id. at 12. DiSalvo declined Kirkland's request and walked away.

Kirkland responded by covering his air vent with "a string." Id. At that point, Rankin and DiSalvo returned to Kirkland's cell and threatened to spray him with OC spray. Id. After lodging the threat, Kirkland's door slot was opened and he "was excessively sprayed." Id. Kirkland placed his hands in the door slot and asked to be cuffed. DiSalvo continued to spray Kirkland until the can was empty. Id. Kirkland was told to undress and place his clothes through the door slot so that he could be provided clean clothing. Kirkland had trouble with this task because of the effects of the OC spray on his vision and breathing. Id. After complying and changing into clean clothing, he was cuffed and removed from the cell. Id. at 13. He was seen by a nurse and his eyes were flushed with water. During this process, Kirkland alleges that the Corrections Defendants laughed at him. After treatment, he was placed in a clean camera cell dressed only in a t-shirt and underwear. He experienced cold temperatures because of the lack of additional clothing. Kirkland does not allege when his clothing was returned, but he states that a week later, he was "taken off his medication due to undergoing side-effects." Id.

Based on the alleged conduct, Kirkland brings claims for excessive use of force under the Eighth Amendment and for sexual discrimination in violation of his right to equal protection under the Fourteenth Amendment. He seeks declaratory relief in the form of a declaration that his rights were violated. Also, he seeks compensatory and punitive damages.

The Corrections Defendants filed an Answer to the Complaint, ECF No. 16, and filed the pending Motion for Judgment on the Pleadings, ECF No. 17. The Corrections Defendants contend that Kirkland cannot and does not state an Eighth Amendment claim for verbal harassment or a

Fourteenth Amendment claim for the violation of his right to equal protection. ECF No. 18. They do not challenge Kirkland's excessive force claim.

Kirkland filed a response in opposition to the Motion for Judgment on the Pleadings, ECF No. 29, and a brief that addresses the arguments raised by the Corrections Defendants. ECF No. 25. The motion is ripe for consideration.

**B.      STANDARD OF REVIEW**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is considered using the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Wilson v. USI Ins. Serv. LLC, 57 F.4th 131, 140 (3d Cir. 2023) (citing Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019)).

"To state a plausible claim for relief—and to avoid a judgment on the pleadings—the non-moving party's factual allegations must 'raise a right to relief above the speculative level,' … and must do more than 'plead[ ] facts that are 'merely consistent with' a defendant's liability.'" PNC Bank, N.A. v. Axis Ins. Co., No. 21-1299, 2024 WL 2336517, at *4 (W.D. Pa. Mar. 13, 2024) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A mere "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "In ascertaining whether the party moving for a judgment on the pleadings has met its burden, the Court must give the non-moving party 'the benefit of every favorable inference.'" PNC Bank, 2024 WL 2336517, at *4 (quoting Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (in turn quoting Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)). But a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555. A court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as explained in the complaint. California Pub. Emp. Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d

Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions disguised as factual allegations. Twombly, 550 U.S. at 555; McTernan v. City of York, Penn., 577 F.3d 521, 531 (3d Cir. 2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Because Kirkland is proceeding *pro se*, his filings are construed liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013). "This means [the Court] remain[s] flexible, especially 'when dealing with imprisoned *pro se* litigants'" like Kirkland. Id. "Yet '*pro se* litigants still must allege sufficient facts in their complaints to support a claim. And "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." Id. (internal citation omitted).

C.   **DISCUSSION**

1.   **Eighth Amendment Claim for Verbal Harassment**

The Corrections Defendants move for judgment in their favor as to Kirkland's Eighth Amendment claim against Cavaliere and Rankin for verbal harassment and name-calling. ECF No.18 at 3-4. The United States Court of Appeals for the Third Circuit has held that a claim based on "allegedly cruel words" fails as a matter of law. Manuel v. Capozza, No. 24-1396, 2024 WL 3594363, at *3 (3d Cir. July 31, 2024) (citing Beal v. Foster, 803 F.3d 356, 358 (7th Cir. 2015) (explaining that "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment")). See also Washington v. Wetzel, No. 18-1390, 2022 WL 1782509, at *14 (W.D. Pa. June 1, 2022), *reconsideration denied*, 2022 WL 2392364 (W.D. Pa. July 1, 2022) ("However, verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment); Robinson v. Taylor, 204 F. App'x 155, 156 (3d Cir. 2006) ("It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment.").

Kirkland does not allege any facts on which the Court could find that the verbal harassment at issue, while unprofessional and distasteful, implicates or rises to a violation of the Eighth Amendment. Kirkland does not allege that he was taunted with threats before the use of force, that the name-calling occurred during the deployment of OC spray, or that he was placed at risk of further injury. Thus, the verbal taunts do not amount to a constitutional violation. See Ledcke v. Pennsylvania Dep't of Corr., 655 F. App'x 886, 888-89 (3d Cir. 2016) (*per curiam*) (detainee's "claims of verbal harassment fail as a matter of law"). Therefore, it is recommended that the Court grant the Motion for Judgment on the Pleadings as to Kirkland's Eighth Amendment claim for verbal harassment.

### 2.     Fourteenth Amendment Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause states that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "At bottom, the Equal Protection Clause requires equal treatment of 'all persons similarly situated.'" Stradford v. Sec'y Pennsylvania Dep't of Corr., 53 F.4th 67, 73–74 (3d Cir. 2022) (citations omitted). Thus, "[t]o establish an equal-protection claim, a plaintiff 'must show that the Government has treated [him] differently from a similarly situated party and that the Government's explanation for the differing treatment does not satisfy the relevant level of scrutiny.'" Id. (quoting Real Alternatives, Inc. v. Sec'y Dep't of Health & Hum. Servs., 867 F.3d 338, 348 (3d Cir. 2017)).

> Because 'equality' is a rhetorically ambiguous concept, it's easy to invoke any existing descriptive inequality as a basis for asserting what is essentially a prescriptive grievance. But the Fourteenth Amendment proscribes unequal treatment only among persons similarly situated according to a relevant standard of comparison. So an equal-protection challenge must allege more than "broad generalities" in identifying a comparator.... Other factors explaining disparate treatment will usually preclude persons from being similarly situated. In turn, the failure to identify similarly situated persons dooms an equal-protection claim.

Id. (internal citations and quotation marks omitted).

The Corrections Defendants seek judgment as to Kirkland's Fourteenth Amendment equal protection claim because he does not allege that any Defendant treated him differently than other inmate, and because he identifies no comparators. ECF No. 18 at 5. Kirkland responds that "the simple fact that the Plaintiff is a convicted and sentenced state prisoner" sufficiently identifies him as a member of a specific class. ECF No. 25 at 8. Kirkland adds that his treatment during the incidents at issue establishes that there was "an intentional act to treat [him] differently than other similarly situated." Id. Coupled with the name-calling, Kirkland states his cell placement after covering his cell window and cell camera, along with the alleged denial of medical treatment and the removal of his personal belongings were based on his membership in a particular group or race. Id.

Upon review, the Court agrees that Kirkland fails to state an equal protection claim. Kirkland does not identify any comparators to demonstrate that his treatment was different than any other similarly situated inmate. The failure to do so "dooms an equal protection claim." Stradford, 53 F. 4th at 74. Even if Kirkland had identified a comparator, the Equal Protection Clause is not violated "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Id. Kirkland alleges that he covered his cell window, strung a bed sheet around a light, and told Sherer he intended to kill himself. ECF No. 10 at 10. At that point, placing Kirkland in a camera cell, responding when he covered the camera again and again, and eventually deploying OC spray to obtain compliance served a legitimate governmental purpose of ensuring Kirkland's safety. Because Kirkland does not allege that a similarly situated inmate acting in the same manner was treated differently, he fails to state an equal protection claim. Accordingly, it is recommended that the Court grant the Motion for Judgment on the Pleadings as to Kirkland's Fourteenth Amendment equal protection claim.

3.   **Leave to Amend**

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Because Kirkland may be able to allege facts sufficient to cure the pleading deficiencies identified in this Report and Recommendation, his Eighth Amendment verbal harassment and Fourteenth Amendment equal protection claims should be dismissed without prejudice and with leave to file an amended complaint within thirty days. If Kirkland fails to file an amended complaint within this time, these claims should be dismissed with prejudice.

D.   **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion for Judgment on the Pleadings, ECF No. 17, be granted, with leave to amend.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Dated: October /, 2024               Respectfully submitted,

                                     */s/ Maureen P. Kelly*
                                     MAUREEN P. KELLY
                                     UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert J. Colville
United States District Judge

All counsel of record by Notice of Electronic Filing

Tavon Thomas Kirkland
MY6189
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450