IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAVON THOMAS KIRKLAND, | ) |
| | ) |
| Plaintiff, | ) No. 2:24-cv-00073 |
| | ) |
| vs. | ) |
| | ) District Judge Robert J. Colville |
| | ) |
| Mr. DISALVO, *Corrections Officer 4, et al.*, | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

Currently pending before the Court is the Report and Recommendation (ECF No. 37) filed by the Honorable Maureen P. Kelly in the above-captioned matter. Judge Kelly's October 1, 2024 Report and Recommendation recommends that the Court grant the Motion for Judgment on the Pleadings filed by Defendants at ECF No. 17. Objections to the Report and Recommendation for Unregistered ECF Users were due by October 18, 2024. No objections were filed, and the Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*,

1

975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'"  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon reasoned consideration of Judge Kelly's Report and Recommendation and Defendant's Motion, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to Defendant's Motion for Judgment on the Pleadings.  It is further ORDERED that Defendant's Motion for Judgment on the Pleadings is granted as to Plaintiff's Eight Amendment Verbal Harassment claim and Fourteenth Amendment Equal Protection claim.  The Court grants Plaintiff leave to amend the Complaint within fourteen (14) days of the date of this order.  The Court defers to Judge Kelly as to the currently pending motion at ECF No. 39 seeking an extension of the deadline for the filing of an amended complaint.  To the extent that Plaintiff elects to not file an amended complaint with respect to the claims at issue that have been dismissed, the dismissed claims will be deemed dismissed with prejudice, and the Court understands that Judge Kelly intends to enter a case management order, see ECF No. 34.

BY THE COURT:

/s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: November 7, 2024

cc/ecf:

All counsel of record

Tavon Thomas Kirkland MY6189
SCI Fayette
50 Overlook Drive
Labelle, Pa 15450